UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:07CR720 CDP |
| | ) | (FRB) |
| WILLIAM DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is the government's Motion to Disqualify Counsel (filed February 28, 2008/Docket No. 18).  The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Hearings were held on the motion on March 14 and March 28, 2008, at which counsel presented their respective arguments to the Court.  For the following reasons, the government's motion will be denied.

After having plead guilty to four counts of a thirty-count superseding indictment in United States v. William Davidson, Cause No. 4:05CR519 CEJ (E.D. Mo.), the defendant here, William Davidson, was sentenced by the district court on September 12, 2007.  Pursuant to the Judgment in that case, defendant was ordered, *inter alia,* to make restitution in the aggregate amount of $1,354,588.00, with such penalty ordered due immediately.  It was further ordered that if the defendant could not pay immediately, then he was to make payments in accordance with a minimum payment

schedule, which included the following: "the restitution shall be paid in a minimum lump sum payment of $480,000.00 which is due within 30 days of sentencing[.]" Davidson, Cause No. 4:05CR519 CEJ (E.D. Mo. Sept. 12, 2007) (*Judgment*, Docket No. 149 at p. 7).[1]

Thereafter, on September 18, 2007, defendant Davidson filed a Notice of Appeal in Cause No. 4:05CR519 CEJ, and requested leave to proceed on appeal *in forma pauperis* (IFP). Submitted with his request to proceed IFP was Davidson's affidavit in which he attested that because of his poverty, he was unable to pay the docket fees of his appeal. To support his attestation of poverty, Davidson stated, *inter alia*, that he and his spouse had no cash, that the question regarding the amount of money he or his spouse had in bank accounts or any other financial institution was not applicable, and that "all funds [were] forfeited at conviction." Davidson, Cause No. 4:05CR519 CEJ (E.D. Mo. Sept. 21, 2007) (*Affidavit*, Docket No. 152.) The district court granted defendant's motion on October 1, 2007, and defendant's appeal was processed.

Thereafter, on November 29, 2007, a grand jury returned the instant indictment against the defendant William Davidson wherein it is alleged, *inter alia*, that defendant's statement in his affidavit in support of his motion to proceed IFP on appeal in

---

[1]An Amended Judgment was entered by the district court on September 25, 2007. (See Docket No. 154.) The terms of the restitution order were not affected by this Amended Judgment.

Cause No. 4:05CR519 CEJ--that he had no money in any financial institution--was materially false, fictitious and fraudulent inasmuch as he knew that he had concealed $480,000.00 in a financial account under the name of C.N.  It is also alleged that on or about October 10, 2007, defendant Davidson engaged in unlawful activity in that he transferred $130,000.00 by wire from one financial account to another financial account, knowing that such funds represented the proceeds of some form of unlawful activity and knowing that such financial transaction was designed to conceal and disguise the nature, source and ownership of such funds.

Defendant Davidson made his initial appearance on the instant indictment on February 6, 2008, at which time he informed the magistrate judge that he had retained attorney Adam Fein to represent him in this case.  Attorney Fein is an attorney associated with the law firm of Rosenblum, Schwartz, Rogers & Glass, P.C. (hereinafter "the Rosenblum law firm"). Thereafter, on February 11, 2008, attorneys Fein and Scott Rosenblum formally entered their appearance on behalf of defendant Davidson.  At the arraignment conducted before the undersigned that same date, defendant was present with retained counsel, Adam Fein.  An Order Concerning Pretrial Motions was entered that date (Docket No. 10) which set forth various dates and deadlines by which certain matters were to be conducted in this case, including a date by

which any pretrial motions were to be filed.

Prior to the filing of any pretrial motions, the government filed the instant Motion to Disqualify Counsel on February 28, 2008. As the basis for its motion, the government avers that defendant Davidson caused funds to be transferred to the Rosenblum law firm in the amount of $130,000.00 for the purpose of securing the law firm's representation of Davidson on the appeal in Cause No. 4:05CR519 CEJ, despite having represented to the district court in said cause that he had no funds by which to pay the costs of appeal. The government avers that this paid fee of $130,000.00 constituted part of the $480,000.00 in funds which the district court ordered the defendant to pay in restitution within thirty days of sentencing, and that the transfer of these funds to the Rosenblum law firm constituted the conduct for which Davidson was charged with money laundering in Count III of the instant indictment. The government contends that because attorneys Rosenblum and Fein and members of their administrative staff engaged in conversation and conduct to arrange for the wire transfer and to accept the funds in relation to the appeal in Cause No. 4:05CR519 CEJ, the government intends to call them as witnesses to defendant Davidson's unlawful conduct as alleged in the instant indictment. Because of this circumstance of counsel acting as advocate and witness, the government argues that a conflict exists which cannot be waived and that counsel must therefore be

disqualified.

## Discussion

A non-indigent criminal defendant's Sixth Amendment rights encompass the right to be represented by the attorney selected by the defendant. United States v. Gonzalez-Lopez, 548 U.S. 140 (2006); Wheat v. United States, 486 U.S. 153, 159 (1988). However, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by a lawyer whom he prefers." Wheat, 486 U.S. at 159. As such, "while an accused who is financially able to retain counsel of his own choosing must not be deprived of a reasonable right to do so, the right to retain counsel of one's choice is not absolute." United States v. Gonzalez-Lopez, 399 F.3d 924, 929 (8th Cir. 2005) (internal quotation marks and citation omitted), aff'd, 548 U.S. 140 (2006).

In this case, the government argues that Disciplinary Rule 5-102 of the American Bar Association's Code of Professional Responsibility requires the disqualification of defense counsel here inasmuch as their continued representation of the defendant conflicts with their position as potential witnesses at the trial of the case. "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair

to all who observe them." Wheat, 486 U.S. at 160; see also Gonzalez-Lopez, 399 F.3d at 929 (courts have inherent power to control administration of justice and orderly judicial procedure must not be obstructed). Applicable to the attorneys practicing before this Court, however, are the ABA's Model Rules of Professional Conduct as adopted by the Missouri Supreme Court. E.D. Mo. L.R. 12.02.[2] Relevant to the circumstances here is the Model Rule of Professional Conduct set forth in Missouri Supreme Court Rule 4-3.7, which states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Motions to disqualify counsel are subject to particularly

---

[2]Inasmuch as the ABA's Code of Professional Responsibility is inapplicable to attorneys practicing before this Court, the undersigned declines to address Disciplinary Rule 5-102 of the Code and/or whether counsel here are precluded thereunder from further acting as counsel for the defendant in this case.

strict judicial scrutiny given the potential for abuse by opposing counsel. Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007); Harker v. Comm'r of Internal Revenue, 82 F.3d 806, 808 (8th Cir. 1996). "[T]he extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Macheca Transp. Co. v. Philadelphia Indem. Ins. Co., 463 F.3d 827, 833 (8th Cir. 2006) (internal quotation marks and citation omitted). Therefore, to disqualify an attorney as a "necessary witness" under Rule 4-3.7, there must be a showing that "'there are things to which [the attorney] will be the only one available to testify.'" Id. (quoting State ex rel. Wallace v. Munton, 989 S.W.2d 641, 646 (Mo. Ct. App. 1999) (citing State v. Werneke, 958 S.W.2d 314, 321 (Mo. Ct. App. 1997); State v. Mason, 862 S.W.2d 519, 521 (Mo. Ct. App. 1993))). Mere relevance and usefulness of an attorney's testimony is an insufficient basis upon which to discern whether the attorney will truly be a necessary witness. Id. To disqualify an attorney of choice by considering only the relevance of the attorney's testimony and failing to consider whether the attorney is the only witness available to testify to certain things, would constitute an abuse of discretion. Id. at 833-34.

In this case, the government has failed to show that either attorney Rosenblum, attorney Fein, or administrative personnel at the law firm are the only persons available to testify

as to the transfer of $130,000.00 to the Rosenblum law firm to secure the firm's representation of defendant on the appeal of Cause No. 4:05CR519 CEJ. At the hearing on March 28, 2008, attorney Rosenblum proffered to the Court that, if asked to testify as to these occurrences, his testimony would be as follows:

That defendant's spouse, Mrs. Davidson, called him regarding his representation of William Davidson on appeal of Cause No. 4:05CR519 CEJ. Mr. Rosenblum advised Mrs. Davidson of the substantial fee of approximately $130,000.00 which would be involved in securing his representation. Mr. Rosenblum subsequently communicated with the defendant's stepson who informed Mr. Rosenblum that they were in the process of trying to gather the funds. Thereafter, a man by the name of Charles Nall called Mr. Rosenblum regarding Mr. Rosenblum's representation of defendant. (It was later determined that Mr. Nall was defendant Davidson's cousin.) Mr. Rosenblum admittedly was standoffish with Mr. Nall inasmuch as he did not know who Mr. Nall was or why he was calling. Not a lot of information was exchanged during this telephone conversation. Mr. Rosenblum was then contacted by the defendant's stepson who advised Mr. Rosenblum to contact Nall inasmuch as Nall would arrange for the transfer of funds. Thereafter, Mr. Rosenblum communicated with Mr. Nall regarding the fee and advised Mr. Nall to contact the firm's billing office to obtain information regarding the transfer of funds. Mr. Rosenblum inquired of Mr.

Nall as to whether the funds were the subject matter of litigation or subject to forfeiture, to which Mr. Nall responded that they were not. Mr. Nall further advised Mr. Rosenblum that he, personally, had secured counsel, and Mr. Rosenblum told Mr. Nall to consult his counsel regarding the matter. Thereafter, there was a wire transfer of funds. Mr. Rosenblum contacted Tracy Berry, the Assistant United States Attorney in Cause No. 4:05CR519 CEJ, and informed her that he had been retained for purposes of appeal. After obtaining information from Ms. Berry regarding appealable issues, Mr. Rosenblum advised defendant Davidson as to the status of the appeal. Davidson then informed Mr. Rosenblum that he wished to pursue relief under 28 U.S.C. § 2255 rather than by direct appeal. The instant indictment was subsequently returned by the grand jury, and Davidson asked Mr. Rosenblum to represent him in this cause. A contract executed by defendant Davidson memorializes this employment agreement.

Mr. Rosenblum informed the Court that he would agree to a written stipulation setting out the above information.

Also at the hearing on March 28, 2008, attorney Fein proffered to the Court that, if asked to testify as to these occurrences, his testimony would be as follows: That he initiated one telephone contact with Charles Nall, who advised Mr. Fein to contact his (Mr. Nall's) lawyer. No other conversation occurred. Mr. Fein has no personal knowledge of any other matter nor was

otherwise involved in the matter.

Mr. Fein informed the Court that he would agree to a written stipulation setting out the above information.

The government proffered no evidence at the hearing nor provided any argument demonstrating that the proffered testimony of attorneys Rosenblum and Fein as set out above was or could be contested.

At the hearing on March 14, 2008, AUSA Berry outlined the matters about which the government would seek testimony at trial from attorneys Rosenblum and Fein and from the law firm's administrative personnel. Such matters are those set out in detail above as proffered by attorneys Rosenblum and Fein and to which counsel stated they would agree to a written stipulation. Ms. Berry acknowledged at the hearing that the government intended to call Mr. Nall as a witness at trial and that Mr. Nall could testify to the statements made and questions raised by attorneys Rosenblum and Fein. Ms. Berry further acknowledged that evidence sought to be obtained from the law firm's administrative personnel, and specifically, that the law firm received the wire transfer of funds in question, could be adduced from records obtained from the relevant financial institution(s). Inasmuch as such acknowledgment shows that the evidence sought to be adduced from attorneys Rosenblum and Fein and from administrative personnel can be obtained from other sources, the government has failed to show that

attorneys Rosenblum and Fein and the firm's administrative personnel are "necessary witnesses" under Rule 4-3.7 and the Motion to Disqualify Counsel should be denied. Macheca Transp. Co., 463 F.3d at 833. In addition, inasmuch as the information before the Court shows that the testimony sought to be elicited is not contested nor relates to a contested issue, the testimony of such witnesses, even if necessary, is subject to the exception outlined in Rule 4-3.7(a)(1), thereby removing counsel from the Rule's mandate of disqualification.

At the hearing on March 14, 2008, the government argued that it is entitled to present its "best case" at trial and that written stipulations deprive the government of eliciting something "special" from the witness stand. As noted by the Eighth Circuit, however, the mere relevance and usefulness of an attorney's testimony at trial is insufficient to show him to be a necessary witness subject to disqualification under Rule 4-3.7. Macheca Transp. Co., 463 F.3d at 833. In addition, the government briefly argued that the orderly administration of justice requires disqualification given 1) the unknown impact of Mr. Nall's testimony on the jury when it hears that he spoke with attorneys Rosenblum and Fein and members of their law firm, and 2) the unknown defenses which could possibly be put forth by defendant which may necessitate the testimony of these individuals. Such speculation, with nothing more, does not survive the strict

scrutiny which must be given to motions to disqualify and therefore provides an insufficient basis upon which to deprive a criminal defendant of his Sixth Amendment right to counsel of his choice. See <u>Droste</u>, 477 F.3d at 1035 (strict scrutiny); <u>Macheca Transp. Co.</u>, 463 F.3d at 833 (disqualification an "extreme" measure).

Finally, the undersigned finds it significant that the government's request for immediate disqualification of counsel comes at this preliminary stage of the proceedings. This case is presently in its pretrial stage, with pretrial motions not having been filed or determined given the pendency of the instant motion to disqualify. As recently discussed by the Eighth Circuit, Rule 4-3.7 permits a lawyer who is likely to be a necessary witness to nevertheless continue to represent a client in the pretrial stage:

> One purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities--as witness and advocate. The jury is usually not privy to pretrial proceedings, however, so the rule does not normally disqualify the lawyer from performing pretrial activities; the one exception is when the pretrial activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role. . . .
>
> By its own terms, Rule 4-3.7 only prohibits a lawyer from acting as an advocate *at a trial* in which the lawyer is likely to be a necessary witness.

<u>Droste</u>, 477 F.3d at 1035-36 (internal quotation marks and citation omitted) (emphasis in <u>Droste</u>).

In this case, assuming *arguendo* for purposes of this discussion only that attorneys Rosenblum and/or Fein would be necessary witnesses at the trial of this case, there is no indication that their activity occurring during these pretrial proceedings would reveal their dual role at trial. As such, there is no basis upon which to disqualify these lawyers during the pretrial stage of these proceedings. Id. at 1036.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the government's Motion to Disqualify Counsel (Docket No. 18) is denied.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this _16th_ day of April, 2008.